UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| BRYAN ALEXANDER KUTCHINS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No.  6:08-bk-00345-KSJ |
| _____ | ) | |
| | ) | |
| WALTER S. KUTCHINS, SCOTT S. KUTCHINS, and KRISTEN K. FREIMUTH | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Pro. No. 6:08-ap-00067-KSJ |
| v. | ) | |
| | ) | |
| BRYAN ALEXANDER KUTCHINS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM OPINION

The plaintiffs, Walter and Scott Kutchins and Kristen Freimuth, are the father and two siblings of the debtor, Bryan Kutchins.[1] They filed a three-count adversary complaint averring that a judgment of almost $300,000 entered against Bryan is not dischargeable under Bankruptcy Code[2] Sections 523(a)(4) (Count I), and 523(a)(6) (Count II), and objecting to Bryan's discharge pursuant to Bankruptcy Code Section 727(a)(2)(A) (Count III).  The Kutchins Family contends they are entitled to summary judgment on Count II; Bryan argues he is entitled to a discharge and to summary judgment on Counts I and III (Doc. Nos. 7 and 9).  The Court will grant both motions finding that Bryan *is* entitled to a discharge but that the debt he owes to the Kutchins Family is not dischargeable.

---

[1] Due to the common surname and with no disrespect, the Court will refer to the debtor /defendant as "Bryan" and to the plaintiffs generally as the "Kutchins Family."

[2] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.

The dispute between the parties revolves around a judgment for fees and costs entered by a Florida state court in December 2006.[3] The relevant facts are contained in the substantial findings of fact and conclusions of law rendered by the state court.[4] Walter and Annette Kutchins are the parents of Bryan, Scott Kutchins and Kristen Freimuth. Walter and Annette were married for 54 years before Annette died in 1995. Bryan is an attorney licensed to practice law in Florida and Michigan. Bryan and his former law partner, Greg Schultz, represented Walter and Annette in estate planning, trust, and tax matters.

In 1977, Walter and Annette established the "Walter S. Kutchins Revocable Trust Agreement" (the "Trust").[5] The Trust named Walter and Bryan as co-trustees, and Bryan's law offices were designated as the "Trustee's office." Walter and Annette were the only beneficiaries entitled to distributions from the Trust until they both died. After their parents' death, Bryan, Scott, and Kristen were equal beneficiaries. The Trust was revocable by either Walter or Annette, as grantors, until one or the other of them died, at which point the Trust would become irrevocable.[6]

---

[3] The decision was rendered by Judge Bruce Boyer on December 14, 2006, in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, in a case styled <u>Bryan A. Kutchins, as Trustee, Co-Trustee and Beneficiary of the Walter S. Kutchins Revocable Trust Agreement v. Walter S. Kutchins, as Co-Grantor of the Walter S. Kutchins Revocable Trust Agreement, Kristen K. Freimuth, as Beneficiary and Co-Trustee of the Kutchins Residuary Trust, and Scott S. Kutchins, as Beneficiary and Co-Trustee of the Kutchins Residuary Trust</u>, Case No. 01-006623-CI.

[4] The state court entered Findings of Fact on March 1, 2005 (Doc. No. 1, Exhibit A). After considering the parties' requests for attorney fees and costs, the state court entered an Order and related Judgment awarding fees and costs of approximately $300,000 to the Kutchins Family (Doc. No. 1, Exhibits B and C). Bryan appealed the rulings. The Second District Court of Appeals affirmed the decision in a *per curiam* decision. No further appeal is allowed. As such, the ruling is now final.

[5] Walter and Annette later amended the Trust in 1982.

[6] Article IX of the Trust governed revocability and provided as follows:

**ARTICLE IX**
**REVOCABILITY**

Section 9.1 Revocability. This Trust Agreement is revocable, and Grantor shall have the right to alter, amend, revoke, or terminate this Trust Agreement, in whole or in part so long as both Grantors are alive . . . . In the event of the demise of either Grantor, this Trust shall become irrevocable.

In the early 1990s, Walter sued his former business partners in Michigan. Bryan was one of the attorneys working on the case. Based, in part, on Bryan's legal advice to file the suit in his individual name, his father revoked the Trust. Bryan's handwritten notes from a strategy meeting, held on July 20, 1991, contained the notation: "Eliminate [the] Trust of WSK." Consistent with this decision, on September 16, 1991, Walter and Annette executed a handwritten revocation of the Trust. They later executed a revised revocation to include additional language suggested by Bryan, who kept the original revocations. After the Trust was revoked in 1991, no distributions were made, no accountings were given, and no tax returns were filed by the Trust.

The litigation in Michigan lasted several years eventually ending with a substantial jury verdict in Walter's favor in 1996. Bryan, however, claiming to act in the capacity of co-trustee of the (now twice-revoked) Trust, interposed an objection to the last $2.4 million payment arguing that the payment should be made to the Trust and not directly to his father.

In 2001, Bryan, attempting to gain control of the $2.4 million payment, filed a declaratory judgment action seeking a ruling that the Trust was entitled to receive the $2.4 million payment. The Kutchins Family vigorously defended the declaratory judgment action in litigation lasting several years. Both sides requested awards of attorneys' fees and costs against the other.

In its ruling entered after an eight-day trial, the state court ruled in favor of the Kutchins Family, finding: (1) the revoked Trust "had no legal rights, privileges, or authority as to money from litigation [in the Michigan case] which began in October, 1991, and to which the non-existent . . . Trust was not a party." (Doc. No. 1, Exhibit B, p. 3); (2) Bryan, without question, knew his parents had revoked the Trust at the time he filed the declaratory judgment action; (3) Bryan possessed copies of the two revocations executed by his parents in 1991; (4) Bryan wrote a letter, dated January 21, 1993, acknowledging that the Trust was revoked "shortly after a meeting with Charles E. Raymond, Esquire, in July of 1991; and (5) Bryan had provided copies of the two revocations to the lead attorney representing Walter in the Michigan case *prior* to filing the declaratory judgment

action. As such, the state court held that Bryan filed the declaratory judgment action when he clearly knew the Trust no longer existed, primarily to exert control over the substantial payment due to his father.

After finding that Bryan was not entitled to any declaratory relief in his favor, the state court considered the award of attorney fees and costs and ordered that the Kutchins Family was entitled to an award of attorneys' fees and costs as prevailing parties pursuant to Florida Statute 57.105.[7] With respect to Bryan's filing the declaratory judgment action, the state court specifically found that:

> Bryan Kutchins knew or should have known his claims were not at any time supported by material facts necessary to establish them and would not be supported by the application of then existing law to those facts. There was a complete absence of a justifiable issue of either law or fact raised by Bryan Kutchin's complaint. By proceeding forth, the Plaintiff's litigation constituted a fraud on the Court.

---

[7] The statute relevantly provides as follows:

**57.105. Attorney's fee; sanctions for raising unsupported claims or defenses; service of motions; damages for delay of litigation**

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.
>
> However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
>
> (2) Paragraph (1)(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.
>
> . . .

West's F.S.A. § 57.105.

(Doc. No. 1, Exhibit B, page 5). On October 1, 2007, the state court entered a judgment approving an award of $289,719.61 in attorneys' fees and costs accruing interest at the applicable statutory rate (the "Judgment") (Doc. No. 1, Exhibit C). The Kutchins Family now contends that this Judgment is not dischargeable.  On January 18, 2008, Bryan filed this Chapter 7 bankruptcy case hoping to discharge the fees and costs as well as his other substantial debts.

In response, the Kutchins Family filed this adversary proceeding seeking to make the Judgment non-dischargeable under either Section 523(a)(4) or (a)(6) of the Bankruptcy Code and contending that Bryan is not entitled to a discharge under Section 727(a)(2)(A) of the Bankruptcy Code.  On the parties' cross motions for summary judgment, the Kutchins Family asserts that the Judgment is not dischargeable under Section 523(a)(6) because collateral estoppel precludes the litigation of issues previously adjudicated by the state court.  In response, Bryan argues that collateral estoppel does not apply, that Section 523(a)(4) is not applicable, and that his discharge should not be denied pursuant to Section 727(a)(2)(A).

Pursuant to Federal Rule of Civil Procedure 56, made applicable by the Federal Rule of Bankruptcy Procedure 7056, a court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The moving party has the burden of establishing the right to summary judgment. Fitzpatrick v. Schlitz (In re Schlitz), 97 B.R. 671, 672 (Bankr. N.D. Ga. 1986).  In determining entitlement to summary judgment, a court must view all evidence and make all reasonable inferences in favor of the party opposing the motion. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). Therefore, a material factual dispute precludes summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

## Collateral Estoppel Applies-
## The Judgment Shall be Excepted from Discharge Pursuant to Section 523(a)(6)

The first issue is whether the doctrine of collateral estoppel applies making the Judgment non-dischargeable under Section 523(a)(6). Because the judgment was entered by a Florida state court, Florida's collateral estoppel law applies. St. Laurent v. Ambrose (In re St. Laurent), 991 F.2d 672, 675-76 (11th Cir. 1993) (collateral estoppel law of state where judgment issued determines whether judgment has preclusive effect in subsequent proceeding). In Florida, collateral estoppel precludes a subsequent proceeding where: (1) the issue at stake is identical to the one decided in the prior litigation; (2) the issue was actually litigated in the prior proceeding; (3) the prior determination of the issue was a critical and necessary part of the judgment in the earlier decision; and (4) the standard of proof in the prior action was at least as stringent as the standard of proof in the later case. In re Houston, 305 B.R. 111, 117 (Bankr. M.D. Fla. 2003) (citing In re St. Laurent, 991 F.2d 672, 676 (11th Cir.1993); In re Bilzerian, 153 F.3d 1278, 1281 (11th Cir. 1998)) (other citations omitted). This Court therefore must determine if the issues necessarily litigated in the context of a Section 523(a)(6) exception to discharge are the same as those that were actually litigated and determined by the state court in entering the Judgment, and, if so, whether the determination of those issues was critical and necessary to the judgment and determined by a standard of proof the same, or greater, than that imposed in seeking an exception to discharge under the various provisions of Bankruptcy Code Section 523.

No question exists that the issues resolved by the state court were actually litigated. The state court held an eight-day trial on the merits. A jury rendered a verdict. Moreover, the state court held hearings on several days—November 1, 2006, June 14 and September 11, 2007—to consider the amount of attorney fees and costs to assess against Bryan (Doc. No. 1, Exh. C). Bryan appealed the decision to an appellate court.

Nor is there any issue regarding the standard of proof. In bankruptcy, creditors, here the Kutchins Family, bear the burden of proving exceptions to discharge by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279 (1991). The preponderance of the evidence standard is the lowest standard of proof in a civil proceeding. Jones v. U.S., 432 A.2d 364, 375 (D.C. 1981), aff'd, 463 U.S. 354 (1983). To prevail, a party need only have stronger evidence "however slight the edge may be." Black's Law Dictionary 1201 (7th ed. 1999).

Florida law does not clearly articulate the standard of proof in a declaratory action other than to require the plaintiff to establish "the existence of a present, actual controversy, as well as proving the material allegations of the complaint." City of Miami Beach v. New Floridian Hotel, Inc., 324 So.2d 715, 717 (Fla. 3d Dist. Ct. App. 1976) (citing Groover v. Adiv Holding Company, 202 So.2d 103, 104 (Fla. 3d Dist. Ct. App. 1967)). The law is silent as to the weight of the burden—whether the "preponderance of the evidence" or the higher and more difficult "clear and convincing" standard is required. In most civil actions, the preponderance standard is the generally accepted burden of proof. Hack v. Janes, 878 So.2d 440, 444 (Fla.5th Dist. Ct. App. 2004) (citing Seropian v. Forman, 652 So.2d 490, 494 (Fla. 4th Dist Ct. App. 1995); Wieczoreck v. H & H Builders, Inc., 475 So.2d 227, 227-28 (Fla. 1985)). The Court assumes the same is true in the case of Bryan's declaratory judgment action.[8] Because the preponderance standard applicable to litigation involving exceptions to discharge is lesser than the "clear and convincing" standard and because no lower standard of proof exists, the requirement that the burden of proof in the later proceeding be no greater than that in the earlier proceeding is satisfied.

---

[8] The Court does note that the state court actually may have applied the higher "clear and convincing" standard in determining that Bryan committed a fraud on the Court. "Fraud on the court occurs where 'it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense.'" Grandados v. Zehr, 979 So.2d 1155, 1158 (Fla. 5th Dist. Ct. App. 2008) (quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989)). If so, the state court used a standard at least as stringent as that required in this dischargeability action. Collateral estoppel applies.

The remaining elements of collateral estoppel require the Kutchins Family to show that the issues this Court needs to resolve in this adversary proceeding were actually litigated and necessary to the decision by the state court in the prior action. To prevail under Bankruptcy Code Section 523(a)(6), the plaintiffs would have to prove (again, by a preponderance of the evidence) that Bryan: 1) deliberately and intentionally, 2) injured them or their property, by 3) a willful and malicious act. In re Howard, 261 B.R. 513, 520 (Bankr. M.D. Fla. 2001) (citing 11 U.S.C. § 523(a)(6); Grogan v. Garner, 498 U.S. 279, 287 (1991); Hope v. Walker (In re Walker), 48 F.3d 1161, 1163-65 (11th Cir.1995)).  Willfulness is demonstrated when a person acts intentionally to cause an injury. Howard, 261 B.R. at 520 (citing Walker, 48 F.3d at 1165).[9] Maliciousness is shown if the act was "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." Howard, 261 B.R. at 520 (citing Walker, 48 F.3d at 1163-64).

Therefore, in order to make the debt non-dischargeable under Section 523(a)(6) of the Bankruptcy Code, the Kutchins Family needs to prove that Bryan deliberately and intentionally injured them by willfully and maliciously filing and prosecuting the declaratory judgment action. Plaintiffs argue that, applying collateral estoppel, the Judgment and the related findings of fact and conclusions of law meet this standard, even though the state court relied upon Florida Statute Section 57.105 and did not make the specific finding that Bryan acted "willfully and maliciously" in filing and prosecuting the declaratory judgment action.

---

[9] Following the Walker decision, the United States Supreme Court clarified the term "willful" contained in Section 523(a)(6), stating that:

> The ⋯ word willful modifies the word injury, indicating that nondischargeability takes a deliberate or intentional injury, not merely ⋯ a deliberate or intentional act that leads to injury⋯. Moreover, § 523(a)(6)'s formulation triggers in the lawyer's mind the category intentional torts, as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend the consequences of an act, not simply the act itself.

Kawaauhau v. Geiger, 523 U.S. 57, 57-58 (1998) (internal quotations omitted).

The Kutchins Family cites multiple cases in support of their position that debts resulting from trial court findings of frivolous litigation are excepted from discharge on the basis of collateral estoppel pursuant to Section 523(a)(6) where a trial court has not rendered specific findings of "willful and malicious" conduct but has rendered equivalent findings. In re Pion, 2007 WL 3088137 (Bankr. D. Vt. 2007) (trial court's entry of sanctions based on frivolity of lawsuit, while not specifically denominating the debtor's actions as "willful and malicious," still made clear from record that the debtor's actions were in fact "willful and malicious" such that collateral estoppel precluded relitigation of those facts, which were also sufficient to except debt from discharge pursuant to Section 523(a)(6)); Ball v. A.O. Smith Corp., 451 F.3d 66 (2nd Cir. 2006) (trial court's determination that plaintiff unreasonably filed a lawsuit lacking any colorable claim and therefore awarding sanctions in the form of the costs of defending the lawsuit pursuant to Rule 11 and 28 U.S.C. § 1927 satisfied Section 523(a)(6)'s exception to discharge where trial court did not specifically use the terms "malicious" or "malice" but rendered factual findings equivalent to malice); In re Smith, 321 B.R. 542 (Bankr. D. Colo. 2005) (attorney's fees awarded to plaintiffs by trial court pursuant to Colorado's "frivolous and groundless" litigation statute were excepted from discharge pursuant to Section 523(a)(6) where trial court found the defense of the litigation "substantially groundless, substantially frivolous, and substantially vexatious;" such finding was sufficient for bankruptcy court to conclude debtor willfully and maliciously intended to deliberately or intentionally injure the plaintiffs); In re Houston, 305 B.R. 111 (Bankr. M.D. Fla. 2003) (observing that a willful and malicious injury includes one caused by the debtor's malicious prosecution of a prior action) (citing In re Abbo, 168 F.3d 930 (6th Cir. 1999); In re Gross, 288 B.R. 655 (Bankr. E.D.N.Y.2003)); USAA Casualty Ins. Co. v. Auffant (In re Auffant) 268 B.R 689 (Bankr. M.D. Fla. 2001) (where state court verdict and bankruptcy court record demonstrated that debtor deliberately and intentionally submitted a false claim to an insurer, collateral estoppel applied to the state court verdict; debtor's conduct was willful and malicious under Section 523(a)(6) and

attorney's fees to which creditor was entitled under Florida's Offer of Judgment Statute resulting from the adverse verdict were excepted from discharge); Matter of Lutz, 169 B.R. 473, 475 (Bankr. S.D. Ga. 1994) (trial court's factual findings that debtor acted in bad faith in attempting to perpetrate a fraud on the Court by knowingly and intentionally making misrepresentations in filing a lawsuit premised upon fabricated events established a willful and malicious injury such that the expenses awarded to the prevailing party in defending the unfounded lawsuit pursuant to Rule 11 were excepted from discharge pursuant to Section 523(a)(6)); In re Chaires, 249 B.R. 101, 108 (Bankr. D. Md. 2000) (entering summary judgment that sanction order for filing groundless lawsuit in bad faith is excepted from discharge pursuant to Section 523(a)(6)).

In response, Bryan argues that, although he perhaps acted either negligently or recklessly, he did not act willfully or maliciously in filing the declaratory judgment action. He notes that the state court found that Bryan "knew or should have known" that he committed fraud on the court, not that he intentionally acted to harm his family. As such, he contends that the state court did not decide the willful and malicious prong of Section 523(a)(6), and he should be allowed to retry the dispute in this adversary proceeding.

The Court disagrees with Bryan's characterization of the state court rulings. The state court rendered extensive and detailed findings after a substantial evidentiary hearing. The findings repeatedly emphasized that Bryan filed the declaratory judgment with actual knowledge that his claims lacked merit. The findings amply establish that Bryan acted willfully and maliciously against his father and siblings in filing and then prosecuting the declaratory judgment action, even though the state court did not use those exact words. Bryan intentionally filed a frivolous lawsuit absolutely knowing that the basis of the lawsuit—the existence of the Trust— had no merit. Bryan continued the litigation through trial costing the Kutchins Family almost $300,000 in attorney fees and costs to defend the action, when he unequivocally knew prior to filing the action that it was meritless.

Indeed, the state court found that Bryan's actions were a fraud on the court and caused direct injury to the Kutchins Family.

As such, the Court concludes that the state court necessarily determined, after a full evidentiary hearing, that Bryan deliberately and intentionally injured them by willfully and maliciously filing and prosecuting the declaratory judgment action.  The Judgment awarding the plaintiffs their fees and costs is non-dischargeable under Section 523(a)(6) of the Bankruptcy Code. The Court will grant the Kutchins Family's Motion for Summary Judgment (Doc. No. 7).  Bryan rightfully should not require his family to relitigate what they already conclusively established in a trial that cost $300,000.

## **Section 523(a)(4) of the Bankruptcy Code does not Apply**

Bryan, in his cross motion for summary judgment, argues that the Kutchins Family has failed to establish any exception to discharge pursuant to Section 523(a)(4) as they asserted in Count I of their complaint. No facts are in dispute which would preclude resolution of Count I by summary judgment. Section 523(a)(4) excepts from discharge debts resulting from a debtor's "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." In re Hutchinson, 193 B.R. 61, 65 (Bankr. M.D. Fla. 1996). Here, the plaintiffs are not alleging Bryan committed embezzlement or larceny, rather, they assert that he committed fraud or defalcation while acting as a fiduciary in his role with respect to the Trust. Specifically, plaintiffs argue that:

> [B]y asserting claims on behalf of a revoked trust, as the alleged trustee and an alleged beneficiary of the revoked trust, Bryan Kutchins has forced Plaintiffs to engage in over seven years of unnecessary litigation. (Doc. No. 1, p. 24, ¶ 66).
>
> Bryan Kutchins placed himself in a position as a fiduciary to Plaintiffs and brought litigated [sic] these claims as an alleged trustee. (Doc. No. 1, p. 24, ¶ 68).

In order to establish a claim under Section 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, plaintiffs must prove: (1) Bryan was acting in a fiduciary capacity; and (2) while

acting in a fiduciary capacity, Bryan committed fraud or defalcation. In re Magpusao, 265 B.R. 492, 497 (Bankr. M.D. Fla. 2001). A claim is demonstrated under Section 523(a)(4) only when there is an express or technical trust, which exists when there is: (1) a segregated trust res; (2) an identifiable beneficiary; and (3) affirmative trust duties established by contract or by statute. Id. The existence of an express or technical trust is required for a fiduciary relationship, In re Miceli, 237 B.R. 510, 515 (Bankr. M.D. Fla. 1999), and fiduciary relationships are determined under federal rather than state law. Hutchinson, 193 B.R. at 65.

The threshold question is whether Bryan had any fiduciary duty to the plaintiffs at the time he filed the declaratory judgment action. In the bankruptcy context, a fiduciary capacity is narrowly defined. In re Miceli, 237 B.R. 510 (Bankr. M.D. Fla. 1999) (citing Quaif v. Johnson, 4 F.3d 950, 952 (11th Cir. 1993)). "[T]he broad definition of a fiduciary relationship, one involving confidence, trust, and good faith, is insufficient to prove a cause of action pursuant to § 523(a)(4)." In re Cramer 93 B.R. 764, 767 (Bankr.M.D.Fla.1988) (citing Angelle v. Reed (In re Angelle), 610 F.2d 1335 (5th Cir.1980)). As the Eleventh Circuit Court of Appeals has noted: "[t]he Supreme Court has consistently held that the term 'fiduciary' is not to be construed expansively, but instead is intended to refer to 'technical' trusts." Quaif v. Johnson, 4 F.3d 950, 953 (11th Cir. 1993) (citing Chapman v. Forsyth, 43 U.S. (2 How.) 202, 11 L.Ed. 236 (1844); Upshur v. Briscoe, 138 U.S. 365 (1891); Davis v. Aetna Acceptance Co., 293 U.S. 328 (1934)).

In this case, the state court held that the Trust was revoked in 1991, ten years before Bryan filed the declaratory judgment action in 2001. The Judgment awarding the Kutchins Family fees and costs was entered specifically because Bryan knew the Trust was revoked and his lawsuit lacked merit when he filed it. As such, Bryan had no vestige of a fiduciary duty arising from any express or technical trust because no trust existed when the meritless suit was filed. Bryan is entitled to a summary judgment that the plaintiffs have failed to establish a claim under Section 523(a)(4) of the Bankruptcy Code.

## **Bryan is Entitled to a Discharge**

Bryan also argues he is entitled to a summary judgment that his discharge should not be denied pursuant to Bankruptcy Code Section 727(a)(2)(A). Plaintiffs argue in Count III of their complaint that Bryan's discharge should be denied pursuant to Bankruptcy Code Section 727(a)(2)(A)[10] because Bryan, with the intent to hinder, delay, or defraud a creditor, concealed property, consisting of stock certificates, within the year prior to the date Bryan filed his Chapter 7 petition. Specifically, plaintiffs allege:

> "Bryan Kutchins refused to turn over certain property that Plaintiffs legally levied upon in an attempt to satisfy the §57.105 Judgment against Bryan Kutchins." (Doc. No. 1, p. 26, ¶ 78).
>
> "Bryan Kutchins concealed and refused to turn over the share certificates to the Pinellas County Sheriff's representative on December 19, 2007." (Doc. No. 1, p. 26, ¶ 79).
>
> "Further, when ordered by the trial court in the Trust Case to turn over the share certificates, ten days later Bryan Kutchins filed the instant Chapter 7 case completing frustrating Plaintiffs attempts to seize the share certificates or to further collect on the §57.105 Judgment in any form or fashion." (Doc. No. 1, p. 26, ¶ 80).

A Section 727(a)(2)(A) objection[11] to discharge "will be sustained if the objecting party alleges and proves the following elements: (1) the debtor transferred, removed, destroyed, mutilated,

---

[10] Bankruptcy Code Section 727 relevantly provides:

**727. Discharge**

   (a) The court shall grant the debtor a discharge, unless-
   ...
   (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed-

   (A) property of the debtor, within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A).

[11] The party objecting to discharge carries the burden of proving the objection. Fed. R. Bankr. P. 4005. If the initial burden is met with evidence sufficient to establish the basis for the objection, the burden shifts to the debtor to explain satisfactorily the loss of assets. "To be satisfactory, an explanation must convince the judge." In re Chalik, 748 F.2d 616, 619 (11th Cir.1984) (citations omitted). A discharge should be denied where the omission from the schedules or statement of financial affairs is both fraudulent and material. Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir.1991).

or concealed property; (2) belonging to the estate; (3) within one year of filing the petition; and (4) with the intent to hinder, delay, or defraud a creditor of the estate." In re Wingate, 377 B.R. 687, 694 (Bankr.M.D.Fla.2006) (citing In re Zwirn, Bankr. Case No. 04-40306, Adv. Pro. No. 05-1036, Aug. 15, 2005, 2005 WL 1978510, * 3 (Bankr.S.D.Fla.2005); In re Moeritz, 317 B.R. 177, 182 (Bankr.M.D.Fla.2004)). Courts can consider a debtor's whole pattern of conduct when determining whether the debtor acted with intent to defraud. In re Floyd, 322 B.R. 205, 210 (Bankr. M.D. Fla. 2005) (internal citations omitted).

Upon consideration of Bryan's conduct on the record here, as supplied by the state court's judgment and exhibits submitted by the parties in support of their summary judgment motions, the Court finds that Bryan did not conceal, transfer, or remove his property intending to hinder, delay, or defraud the plaintiffs. The facts again are undisputed. On November 9, 2007, the state court entered a Writ of Execution to allow the plaintiffs to collect upon the Judgment (Doc. No. 9, Exhibit 6). On December 21, 2007, Bryan filed a motion to quash the levy arguing that there were competing claims to the property upon which the plaintiffs sought to levy—the stock of Bryan's law firm (Doc. No. 1, Exhibit D). On January 18, 2008, the state court entered an order, after a hearing, denying the motion to quash and authorizing the Pinellas County Sheriff's office to seize the stock certificates (Doc. No. 9, Exhibit 8). The same day, Bryan filed this Chapter 7 case. Nothing indicates that Bryan did anything other than ask the state court to balance competing claims to the stock of his law firm. He did not conceal, hide, or transfer the property. He disclosed his ownership interest and the stock certificates in his motion to quash and listed it in his bankruptcy schedules (Main Case Doc. No. 1, Schedule B, Question 13). Accordingly, plaintiffs have failed to demonstrate the elements required to deny Brian his discharge pursuant to Section 727(a)(2)(A). Bryan is entitled to a summary judgment that his discharge shall not be denied pursuant to Section 727(a)(2)(A).

In conclusion, the Court will grant both Motions for Summary Judgment (Doc. Nos. 7 and 9). The Judgment obtained by the Kutchins Family against the debtor is not dischargeable under Section

523(a)(6) of the Bankruptcy Code. However, the plaintiffs failed to establish any exception to discharge arising from Section 523(a)(4) or to deny Bryan a discharge under Section 727(a)(2)(A).

A separate judgment consistent with this Memorandum Opinion shall be entered. Because this ruling resolves all issues raised in this adversary proceeding, the Court will cancel the pretrial conference scheduled for December 18, 2008.

DONE AND ORDERED on December 5, 2008.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiffs: Walter S. Kutchins, Scott S. Kutchins, and Kristen K. Freimuth, c/o Sivyer Barlow & Watson, PA, 401 E. Jackson Street, Suite 2225, Tampa, FL 33602

Plaintiffs' Attorney: Melissa A. Givens, Sivyer, Barlow & Watson, PA, 401 E. Jackson Street, Suite 2225, Tampa, FL 33602

Debtor/Defendant: Bryan Alexander Kutchins, 1394 River Oaks Court, Oldsmar, FL 34677

Debtor/Defendant's Attorney: David R. McFarlin, Wolff, Hill, McFarlin & Herron, PA, 1851 West Colonial Drive, Orlando, FL 32804